Brown against Polk County is next on for argument this case presents two overarching issues for the court although there were many subparts to each of them but the two overarching issues are one wouldn't be ethical standard to be applied for a cavity search of a pre-trial detainee being held in a jail that reasonable suspicion probable cause or the search warrant required the district court found that reasonable suspicion was the standard to be applied the second issue is whether there are material equipment true questions of fact that should have precluded some of the judgments even if this court agrees with the district court at the proper standard is reasonable suspicion the district court adopted the reasonable suspicion standard relying on this court's precedents in cases involving visual casual cavity searches and strip searches those are cases such as the Freeman case Mary Besky case Campbell etc those cases did not involve the type of intrusive physical cavity search involved here at a minimum such an intrusive search should require probable cause in my brief I've cited numerous cases regarding physical cavity for counsel I'm a little puzzled about which part of the Constitution you're relying on probable cause and and warrants are usually associated with the Fourth Amendment are you relying on the Fourth Amendment yes your honor we are and that's the case was sued out under the Fourth Amendment and it was argued on summary judgment on the fourth Fourth Amendment precedent I know you're relying on Fourth Amendment precedent anyway go continue but a lot of your brief sounds like it's based on the Fifth Amendment or technically the due process clause of the 14th well I believe what we have you are what we have here is a 1983 case that is based on the allegation that there was a deprivation of constitutional rights and the way we treated the case out from day one is that that was the deprivation of the Fourth Amendment right to be free of an unreasonable search procedure seized seizure and those those Fourth Amendment rights have been discussed in numerous cases involving searches within jails here the distinction between this case and the cases that defendants in a district court rely on is that this is an intrusive physical cavity search as opposed to a near-strip search or a visual cavity search our position is Brown's position is that when you get to a physical cavity search that search is of such an intrusive nature and it has been described in many cases again cited in the brief as just about the most intrusive search that a human being can be subjected to it's the humanizing nature of actually having a physical product of the most intimate body cavities that in this case a woman possesses when you have that type of a of a of an intrusive search the case law is that you start out with the balancing test and even the defendants admit that the more intrusive search the search the more you slide away from reasonable suspicion and that the probable cause and then theoretically potentially even into the need for a search warrant mr. Rocio it's um it's judge Scudder I want to just because of our limited time I want to focus on the point that you just raised suppose suppose that I agree with you that probable cause and not reasonable suspicion is the proper substantive standard the question I have from there is why shouldn't the special needs exception apply respect to the warrant requirement in this context that's exactly where I was just about to go your honor the defendants say that regardless of that that's sliding scale that I just laid out that you look at the Skinner the so-called Skinner special needs exception first of all the defendant site Skinner and then say that it's even nod to the whole wolfish Bell exception for a search the problem there however is that wolfish Bell was a case that again involved a non-physical search so we really don't have any precedent that tells us that the Skinner special needs exception should be employed so you have this type of horribly intrusive search taking the defendant I don't even have to say taking it to a logical extreme because I'd say value the sentence argument is that you basically are going to throw the balance and test out and that the only question to be asked is whether or and if it's true that there is an issue of jail security then anything goes it's hard to imagine if this search this type of search only needs reasonable suspicion it's hard to imagine what type of search would require more so we would now be applying the so-called Skinner special needs exception to every single type of search that occurs in the incarcerated situation that I think is the issue that this court needs to decide whether or not that special needs exception goes beyond the strip search and even beyond the visible cavity search to the intrusive type of prodding that occurred in this case that's that issue in a nutshell moving to the second issue if I may we believe that taking a look at the factual record here even if this court war I believe it without the reasonable suspicion with regard to this type of search that there were material issues of fact here as to whether or not the jailers had that reasonable suspicion based on all the contradictions in the testimony based on the absence of in particular any type of evidence that there was contraband being Brown was sent to the hospital to have a cavity search of both her vagina and her anal cavity there is no evidence in the record that she had contraband as it I need to interrupt you there I when you say no evidence I mean that that is categorical unequivocal and what do you say about the nurse I don't remember her name is it Johnson or something the nurses discussion not with inmate Duke but with the other inmate now I understand that you might not think that evidence should be credited you might not think it's sufficient but I don't know how you can argue that there is quote no evidence unquote the other inmate was inmate Nelson inmate Nelson never told nurse Johnson that the contraband was being amally carried the totality of the evidence on this issue and forgive me if I if I overstated it when I said no evidence but here's the totality of the evidence on this issue jail administrator revels said that he did not believe that well he testified that he believed the search was authorizing a vaginal search she'll kill a shine who asked for the search testified that he was asking for a vaginal search the other evidence both from Johnson and others is that and this is recorded in so-called contemporaneous documents that the district court relied on is that there was contraband hidden in a body cavity rather than taking that evidence in the light most feasible to the plaintiff's the district court took that evidence in the light most favorable to the defendant the district court categorically ignored and even stated that it was ignoring the deposition testimony and instead was going to look at contemporaneous documents that it admitted were not specific but were nonspecific so rather than taking the specific deposition testimony that said I was asking for a vaginal search and that's what was being I'm sorry your time has expired I am sorry thank you miss Tierney good morning Danielle Baldwin Tierney for the defendants alleys Polk County co-lead co Hillshine chief deputy rebels and the co John does one through ten I want to first start with the question that it was just being discussed the the question of fact with respect to where the contraband was allegedly hidden plaintiff's counsel has suggested that there is no evidence in the record to suggest that the alleged contraband was contained anywhere else other than in defendant or in plaintiff's vaginal cavity such that anal cavity search was not required to the contrary there's actually no evidence in the record other than an assumption by chief deputy rebels that the contraband was solely alleged to be contained and plaintiff's vaginal cavity the testimony or I should say the affidavit that was submitted from one of the informants and the testimony of Donna Johnson the nurse and of the reports that are contemporaneous indicate that the alleged contraband was hidden in a body generally there's no reference to one body cavity over another there's no indication that the only body cavity that needed to be searched was plaintiff's vaginal cavity although there was testimony from chief deputy rebels that he assumed that the request was for a vaginal search rather than vaginal and anal he admitted that it was based on nothing other than his own assumption there was no information that he received from co Hillish I'm who was the one who spoke with chief deputy rebels to request the search to support that assumption so in this case the only evidence that we have from the individuals who were taking the information from the informants and who documented that contemporaneously with those documents that are in the record is that a a large amount of methamphetamine was reportedly hidden in so there's no evidence to indicate that one cavity over another should have been searched and another cavity should going back now to the the first question or the first point that plaintiff's counsel had raised with respect to the applicable standard for the pretrial detainee cavity search there is no case law in this circuit or any other circuit that's been cited by the plaintiff to suggest that a pretrial detainee body cavity search needs to go to a higher standard above and beyond reasonable suspicion as we pointed out in our brief each one of the cases that were cited by the plaintiff to support a standard above and beyond reasonable suspicion all relate to cases involving a criminal defendant or evidence in a criminal case such that when you do that balancing test the different governmental interests are weighed differently when you're weighing whether or not to intrude and conduct what is admittedly a very intrusive search weighing in favor of the governmental interest in obtaining evidence for a conviction is different than weighing the governmental interest in protecting an inmate or a pretrial detainee who is in custody of the defendant pointed out in the response brief here on appeal the court should be weighing in favor its duty and obligation to keep these pretrial detainees safe when also assessing whether or not to send somebody out for a search based on information that they receive. Ms. Tierney, it's Judge Scudder, what do you make of the US Supreme Court's decision in Winston v. Lee and its emphasis in Florence in 2012? I understand Florence is a different set of facts because it's one of these you know visual strip searches but that there was no touching involved. It's the combination of Winston and Florence. Go ahead, go ahead. Okay, so Winston is involved whether or not police were authorized to compel a suspect to undergo surgery to remove a bullet that was then going to be used against him in a criminal trial. So again the interest there in removing the bullet was to obtain evidence to ultimately obtain a conviction against the defendant. So they would be compelling him to remove evidence from inside of him going into a cavity or into a search inside the body to then be used later against the defendant. There was no governmental interest in the safety or security of other individuals or of that specific individual such that the governmental agency had a duty to protect that individual. So I think Winston is distinguished in that you've got two different competing governmental interests at stake. So we argue that Winston isn't applicable because we're not dealing with the same governmental interest. All of the other cases cited by Brown in her initial brief fall under that same line as Winston. They all deal with criminal cases where there's no governmental interest in safety or protection. Places Council suggests that this kind of opens the door and suggests at any time there is an arguable basis for safety or security concerns that a governmental agency of jail would be able to force a pretrial detainee to go subject to a very intrusive search. And I would I would suggest that I think that takes it a little too far. The reasonable suspicion standard still requires that there be a basis for the search. They support that concern. So I think it still strikes a good balance and we're not going to see all jails suddenly open up to requesting reasonable or requesting cavity searches based on nothing other than a concern for safety and security generally. But even if that were to be the case you look at the the case decisions in Bell and in Florence and arguably the court has set forth a that as long as there is some articulable basis for safety and security these searches have been permitted absent reasonable suspicion as the I believe it was the moment you say these searches when you say these searches you're talking in very broad terms you mean visual inspections of pretrial detainees or the kind of search that Miss Brown underwent here there's a difference did did only address the visual cavity searches but it's our position that although there haven't been any cited cases or any cases that I think I've been able to locate or counsels been able to locate that deal with manual cavity searches of pretrial detainees I think the case law extends to a natural point that would that would permit manual cavity searches in cases upon reasonable suspicion and I want to also point out there was a decision out of the Seventh Circuit whereby I believe it was Judge Posner in a concurring opinion noted that yes it was in Johnson versus Phelan 69 Federal Third 144 it's a Seventh Circuit case from 1995 Judge Posner and his concurrence and dissent noted that Bell versus Wolfish actually held that pretrial detainees may be subjected to and he used the words digital and visual inspection in this case it was of a party's rectum for searching for contraband so Judge Posner implicitly acknowledged that Bell should be extended above and beyond the visual inspection and I think by imposing the requirement for reasonable it doesn't just open the floodgates to permit everybody to undergo these searches without a basis it protects the the rights of the detainees insofar as the Fourth Amendment requires a reasonable search but it still allows the jails and the governmental agencies to to be able to fulfill their duty and obligation as to protecting the inmates and other inmates involved you have one minute my time is almost up but if the court has any further questions all right thank you very much the case is taken under advisement